IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAMON SEGARRA BERRIOS,

Plaintiff,

v.

UNITED STATES OF AMERICA, et al,

Defendants.

CIVIL NO. 14-1046 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

The present case involves a special contract covering the Municipality of San Juan for torts suffered by third parties. On February 21, 2012, Plaintiff Ramón Segarra Berríos suffered a fall while jogging on Norzagaray Street in Old San Juan, alleging that the sidewalk was not leveled. As a result thereof, Plaintiff suffered a left ankle fracture. Plaintiff then brought suit against the Department of the Interior, the National Park Service, and the Municipality of San Juan. MAPFRE PRAICO Insurance Company ("MAPFRE") was also brought in as a Defendant because it allegedly had an insurance policy covering the Municipality of San Juan for the allegations made in the Complaint.

Now before the Court is MAPFRE's Motion for Summary Judgment (Docket No. 27) in which it posits that Plaintiff cannot obtain relief against it, insofar as the Municipality of San Juan does not have an insurance policy with it, but rather a "Deposit Accounted Liability Policy Contract" (the "contract"). Under this contract, MAPFRE does not insure anyone but merely acts as a depository for the funds, and then adjusts and pays the claims presented against the Municipality of San Juan. The funds themselves come from the covered entities

and not from the company, and thus the company never assumes any risk. The contract contains a maximum amount of monies which, once depleted, is not restored. Once that happens, the responsibility to pay falls upon the covered entities and not MAPFRE, which is what it states happened here. Therefore, MAPFRE filed its Motion for Summary Judgment (Docket No. 27) averring that the totality of monies in the fund has been exhausted, and thus, relief cannot be obtained by Plaintiff. Although granted extra time to file an opposition thereto, Plaintiff failed to do so. (Docket No. 28). MAPFRE's motion therefore stands unopposed.

For the reasons explained herein, MAPFRE's Motion for Summary Judgment is GRANTED.

**STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56 (c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it

potentially could affect the outcome of the suit. Id. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994).

The First Circuit Court of Appeals has "emphasized the importance of local rules similar to Local Rule 56 [of the District of Puerto Rico]." Hernández v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007); *see also*, Colón v. Infotech Aerospace Servs., Inc., 869 F.Supp.2d 220, 225-226 (D.P.R. 2012). Rules such as Local Rule 56 "are designed to function as a means of 'focusing a district court's attention on what is -and what is not- genuinely controverted.'" Hernández, 869 F.Supp.2d at 7 (*quoting* Calvi v. Knox County, 470 F.3d 422, 427 (1st Cir. 2006)). Local Rule 56 imposes guidelines for both the movant and the party opposing summary judgment. A party moving for summary judgment must submit factual assertions in "a separate, short, and concise statement of material facts, set forth in numbered paragraphs." Loc. Rule 56(b). A party opposing a motion for summary judgment must "admit, deny, or qualify the facts supporting the motion for summary judgment by reference to each numbered paragraph of the moving party's statement of facts." Loc. Rule 56 (c). If they so wish, they may submit a separate statement of facts which they believe are in controversy. Facts which are properly supported "shall be deemed

admitted unless properly controverted." Loc. Rule 56(e); P.R. Am. Ins. Co. v. Rivera-Vázquez, 603 F.3d 125, 130 (1st Cir. 2010) and Colón, 869 F.Supp.2d at 226. Due to the importance of this function to the summary judgment process, "litigants ignore [those rules] at their peril." Hernández, 486 F.3d at 7.

### FINDINGS OF FACT

With the above in mind, the Court deems the following facts uncontested.

1. On June 30, 2011, MAPFRE and the Municipalities of Puerto Rico, with the exception of Aibonito, executed a contract titled "Deposit Accounted Liability Policy Contract", number CGL-006912634-1/000. The term of the contract was from June 30, 2011 until June 30, 2012. MAPFRE Exhibit A, and MAPFRE Exhibit B, ¶ 2.

2. In the contract, the parties established an overall aggregate limit for all indemnity payments for that year of sixteen million dollars ($16,000,000.00). MAPFRE Exhibit A, Declarations Page 2; Page 1 of 38 under title OVERALL AGGREGATE LIMIT; Page 6 of 38, ¶1; Page 6 of 38 – SECTION I – COVERAGES, COVERAGE A – GENERAL LIABILITY – 1. Scope of Coverage; and MAPFRE Exhibit B, ¶ 3.

3. MAPFRE's obligation to make any covered indemnity payments for any damages and medical payments under the Contract ends when MAPFRE has made total payments, of any kind or description or for any purpose, with respect to coverages provided under the contract that are equal to the overall

      aggregate limit for all indemnity payments of $16,000,000.00 of the contract. MAPFRE Exhibit A, Page 6 of 38, ¶5; Page 6 of 38 – SECTION I – COVERAGES, COVERAGE A – GENERAL LIABILITY – 1. Scope of Coverage; MAPFRE Exhibit B, ¶ 3.

4. When the overall aggregate limit for all indemnity payments of $16,000,000.00 has been exhausted under the contract, the Municipalities of Puerto Rico will thereafter be responsible for making any and all indemnity payments of all pending claims. MAPFRE Exhibit A, Page 6 of 38, ¶4.

5. As of July 15, 2015, the overall aggregate limit of sixteen million dollars ($16,000,000.00) for all indemnity payments under the contract had been exhausted. MAPFRE Exhibit B, ¶4.

## LEGAL ANALYSIS

MAPFRE alleges that in the present case, instead of a standard insurance contract, it has instead issued a contract for the management of funds, called a "Deposit Accounted Liability Policy Contract" on behalf of the Municipalities of Puerto Rico, including the Municipality of San Juan, which is subject to all its terms and conditions. MAPFRE avers that the contract is not a normal insurance policy because under it, MAPFRE did not assume any risk and in payment, the funds belong to a third party, the insureds, and not to MAPFRE. The contract in question, in essence, is a type of self insurance, whereby the insureds deposit a certain amount of funds, and MAPFRE investigates, adjusts and pays all claims falling within the term of the policy. Thus, MAPFRE states that it is really a contract

for the administration of a self-insured funds established by the Municipalities of Puerto Rico.

MAPFRE explains the reasoning for this type of contract, to wit, through self-insurance, a reserve fund is created from the monies that a person or entity could have used for the payment of insurance premiums. In these cases, the person or entity auto-insures himself/itself, and, therefore, bears the risk of any claim against him or it. Entities that choose to self-insure can select a third party to administer their claims, like MAPFRE here, who acts as administrator, investigator and adjuster of all claims as would an independent adjuster for a fee. The difference here is that the money for the payment of the claims comes from a self-insurance fund and not from the insurer. MAPFRE posits that large organizations, such as government agencies, often prefer this type of self-insurance contract because it can be less expensive than having to purchase commercial insurance.

Here, as with all contracts, MAPFRE's obligations and its potential indemnity liability before third parties are defined and limited in the contract, which obligates it to make any covered indemnity payments for any damages and medical payments ocurring within the applicable time period, from June 30, 2011 through June 30, 2012. The contract has an overall aggregate limit for all indemnity payments of $16,000,000.00 and under its terms, once the fund has been depleted, the Municipalities must bear the responsibility of covering the costs of whatever claims are made. Uncontested Fact No. 4.

In support of this rather different method of providing coverage, MAPFRE cites to the local court case of Jiménez v. Integrand, KLAN201301747, 2013 WL 7854603 (TCA Dec.

19, 2013), where Plaintiff Jiménez challenged the Court of First Instance's dismissal of a tort case against Defendant Integrand, who as insurer for the Municipality of San Juan, had been sued directly to respond for damages resulting from a slip and fall in a construction area. The Puerto Rico Court of First Instance found that "the doctrine of direct action against Integrand did not exist because there was no policy in effect". Id. *2.

In Jiménez, like in the instant case, Integrand had a program, whereby Integrand was the adjuster, investigator and negotiator for claims arising against the Municipalities. That particular fund was for $14,400,000.00. After being sued by plaintiff Jiménez, Integrand filed for summary judgment, alleging the exact argument MAPFRE alleges in the above captioned case, that is, that there could be no liability against it, as it was only an administrator for a fund that belonged to other parties and it had assumed zero risk in the transaction. The Puerto Rico Court of Appeals agreed, holding that:

> Integrand doesn't respond with its capital, nor does it have the obligation to compensate at all, once the fund is depleted. Therefore, the contract does not contemplate assumption of risk; an essential characteristic of an insurance contract....After an exhaustive analysis of the contact, we conclude that the agreements between Integrand and Seguros Públicos are self insurance, whereby it [Integrand] does not assume the risks of insuring the Municipality, and its functions are circumscribed to administrating the complaints against [the Municipality], while there are available funds for it. Therefore in this case, Integrand did not operate as an insurer for the Municipality".
> Id. *7. (translation ours).

The Puerto Rico Court of Appeals further mentioned that the former Insurance Commissioner, Ramón L. Cruz Colón, had examined the "Deposit Accounted Liability Policy

Ramón Segarra Berríos v. United States of America, et al.
Civil No. 14-1046 (CVR)
Opinion and Order
Page 8

Contract" executed in the past by the Municipalities of Puerto Rico and had concluded that it was a contract for the management of funds, and not an insurance contract. Id.

As applied to the case at bar, the factual underpinnings of the two cases are the same, whereby the Municipalities deposit moneys into a fund that is administrated by a third party, here, MAPFRE. There is no "insurance" per se, since no risk is undertaken by MAPFRE and the monies which it disburses do not belong to it. It is, as the Puerto Rico Court of Appeals stated, a "Third Party Administrator for a Self Insurance Program". Id. The Court agrees with MAPFRE that this is a self-insurance program, and thus, not an "insurance" in its common usage.

Having evidenced that MAPFRE does not have an insurance contract but a self insurance program, MAPFRE then states that, as of July 15, 2015, its has already made total disbursements equaling $16,000,000.00, and has thus exhausted the overall aggregate limit for all indemnity payments in the fund. Therefore, under the terms of the contract, it cannot have any further potential indemnity liability. MAPFRE submits an Unsworn Statement under Penalty of Perjury of Rafael Rivera Marcano, Assistant Vice President of Legal Claims for MAPFRE, to evidence this.

Indeed, as is well known, the parties' obligations towards each other and third parties are in turn defined by the terms of the existing contract between them. Here, MAPFRE and the Municipalities stipulated that, once the fund is depleted, it is the Municipalities who must cover any payments for any claims arising under the contract, and not MAPFRE. Obviously this type of contract has been used before in Puerto Rico, having received the

blessing from the Commissioner of Insurance, and no party has alleged any kind of illegality with this type of insurance program. In fact, as Plaintiff has chosen not to oppose MAPFRE's motion for summary judgment, this issue stands uncontested.

Consequently, the Court holds that, pursuant to the terms of the contract, MAPFRE will not be responsible for any further indemnity payments under the Contract, and it is the Municipality of San Juan who is responsible for making any and all indemnity payments for Plaintiff's claim in this case.

Based on the foregoing, since no liability can attach to MAPFRE, its Motion for Summary Judgment (Docket No. 27) is GRANTED. Consequently, all causes of action brought against MAPFRE are DISMISSED WITH PREJUDICE.

## CONCLUSION

For the aforementioned reasons, MAPFRE's Motion for Summary Judgment (Docket No. 27) is GRANTED and all causes of action brought against MAPFRE are DISMISSED WITH PREJUDICE.

Partial Judgment dismissing with prejudice all claims against MAPFRE shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 21st day of October, 2015.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE